**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LISA SAMPSON,

       Plaintiff,

   v.

ELI LILLY AND COMPANY,

       Defendant.

**05: 10911 RWZ**

: Civil Action No. 04-0348 (JR)

**MAGISTRATE JUDGE** Alexander

**ORDER**

Pursuant to 28 USC § 1404(a), it is **ORDERED** that this case be transferred to the District of Massachusetts. Because this transfer is by consent, there is no reason to delay it, and the transfer shall be done forthwith.

JAMES ROBERTSON
United States District Judge

CLOSED

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:04-cv-00348-JR

SAMPSON v. ELI LILLY AND COMPANY
Assigned to: Judge James Robertson
Demand: $2000000
Cause: 28:1332 Diversity-Product Liability

Date Filed: 03/03/2004
Jury Demand: Plaintiff
Nature of Suit: 365 Personal
Inj. Prod. Liability
Jurisdiction: Diversity

## Plaintiff

**LISA SAMPSON**    represented by    **Aaron M. Levine**
AARON M. LEVINE &
ASSOCIATES, P.A.
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax: (202) 833-8046
Email:
aaronlevinelaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Brandon J. Levine**
AARON M. LEVINE &
ASSOCIATES
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax: (202) 833-8046
Email: levbran@aol.com

05 10911 RWZ

*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Steven Jay Lewis**
AARON M. LEVINE &
ASSOCIATES
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax: (202) 833-8046
Email:
slewis@aaronlevinelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

## V.

## Defendant

**ELI LILLY AND
COMPANY**

represented by **James J. Dillon**
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
Fax: (617) 832-7000
Email:
jdillon@foleyhoag.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Lawrence Hedrick Martin**
FOLEY HOAG LLP
1875 K Street, NW
Washington, DC 20006

(202) 223-1200
Fax: (202) 785-6687
Email:
lmartin@foleyhoag.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/03/2004 | 1 | NOTICE OF REMOVAL from Superior Court for the District of Columbia, case number 04ca0000707. ( Filing fee $ 150 ) (Attachments: # 1 Exhibit)(bcs, ) (Entered: 03/05/2004) |
| 03/03/2004 | 2 | LCvR 7.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ELI LILLY AND COMPANY. (bcs, ) (Entered: 03/05/2004) |
| 03/03/2004 | 3 | ANSWER to 1 Complaint by ELI LILLY AND COMPANY.(bcs, ) (Entered: 03/05/2004) |
| 03/03/2004 | | SUMMONS Not Issued (bcs, ) (Entered: 03/05/2004) |
| 03/05/2004 | 4 | NOTICE of Appearance by Aaron M. Levine on behalf of LISA SAMPSON (Levine, Aaron) (Entered: 03/05/2004) |
| 03/24/2004 | 5 | Original file, certified copy of transfer order and docket sheet received from DC Superior 04ca707. (bcs, ) Additional attachment(s) added on 3/29/2004 (bcs, ). (Entered: 03/29/2004) |
| 05/21/2004 | 6 | ENTERED IN ERROR.....AFFIDAVIT *OF SERVICE* by LISA SAMPSON. (Attachments: # 1 Appendix Postal Certification)(Levine, Aaron) Modified on 5/24/2004 (bcs, ). (Entered: 05/21/2004) |
| 05/24/2004 | | "NOTICE OF CORRECTED DOCKET ENTRY. |

| | | |
|---|---|---|
| | | Document No. 6 was entered in error and counsel is instructed to re-file the affidavit of service as a return of service." (bcs, ) (Entered: 05/24/2004) |
| 05/25/2004 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ELI LILLY AND COMPANY served on 2/12/2004, answer due 3/3/2004 (Attachments: # 1 Appendix Postal Certification)(Levine, Aaron) (Entered: 05/25/2004) |
| 12/22/2004 | 8 | ORDER that the parties file a status report no later than 30 days from the date of this order. Signed by Judge James Robertson on December 22, 2004. (MT) (Entered: 12/22/2004) |
| 01/18/2005 | 9 | STATUS REPORT *Joint Meet and Confer and Status Report* by LISA SAMPSON. (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order) (Levine, Aaron) (Entered: 01/18/2005) |
| 02/18/2005 | 10 | SCHEDULING ORDER: final pretrial conference is set for November 3, 2005 at 4:30 p.m. and trial will commence on November 14, 2005 at 9:30 a.m. Signed by Judge James Robertson on February 18, 2005. (MT) (Entered: 02/18/2005) |
| 05/02/2005 | 11 | Consent MOTION to Transfer Case by ELI LILLY AND COMPANY. (Dillon, James) (Entered: 05/02/2005) |
| 05/05/2005 | 12 | ORDER granting defendant's consented motion to transfer case 11 to the District of Massachusetts forthwith . Signed by Judge James Robertson on May 5, 2005. (MT) (Entered: 05/05/2005) |
| 05/05/2005 | | Case transferred to District of Massachusetts. Information sent electronically. (lc, ) (Entered: 05/05/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/09/2005 10:53:34 | | | |
| **PACER Login:** | us2510 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:04-cv-00348-JR |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA SAMPSON
68 Circuit Avenue
Weymouth, MA  02188

                Plaintiff,

      v.

ELI LILLY AND COMPANY,
Lilly Corporation Center
Indianapolis, IN 46285
  w/s/o NATIONAL REGISTERED AGENTS, INC.
  1090 Vermont Avenue, N.W., Suite 910
  Washington, DC  20005

                Defendant.

CIVIL ACTION No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, defendant Eli Lilly and Company ("Lilly") files this Notice of Removal and states:

1. Lilly is the defendant in an action commenced against it by the plaintiff, Lisa Sampson, pending in Superior Court for the District of Columbia, captioned <u>Lisa Sampson v. Eli Lilly and Company</u>, Civil Action No. 04-0000707 (the "Superior Court action").  True copies of all process, pleadings and orders served on Lilly in the state action are attached hereto as Exhibit A and specifically incorporated herein.

2. In her Complaint, Plaintiff Lisa Sampson alleges that she is a resident of Weymouth, MA.  Defendant Lilly is a corporation organized under the laws of the State of Indiana with a principal place of business in Indianapolis, Indiana.  There is, therefore, complete diversity of citizenship.

3.     The Plaintiff claims damages in excess of $75,000.  Accordingly, the matter in controversy in the state action exceeds the sum or value of $75,000, exclusive of interest and costs.

4.     Lilly was served with a summons and a copy of plaintiff's Complaint and Demand for Jury Trial on February 12, 2004.  Consequently, this notice is timely under 28 U.S.C. §1446(b).

5.     This action is one of which this Court has jurisdiction pursuant to 28 U.S.C. §1332 and that may be removed to this Court by Lilly.

ELI LILLY AND COMPANY
By its attorneys:


/s/ Lawrence H. Martin
Lawrence H. Martin, D.C. Bar #476639
FOLEY HOAG LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon
Foley Hoag LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000


Dated: March 3, 2004

## <u>CERTIFICATE OF SERVICE</u>

I, Lawrence H. Martin certify that a true copy of the foregoing Notice of Removal was served on March 3, 2004, by U.S. First Class Mail, postage prepaid to:

Aaron M. Levine, Esq.
Aaron M. Levine and Associates, P.A.
1320 19th Street, NW, Suite 500
Washington, DC 20036
**Attorney for Plaintiff**

/s/ Lawrence H. Martin
Lawrence H. Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA SAMPSON
68 Circuit Avenue
Weymouth, MA  02188

　　　　　　　　　Plaintiff,

　　　　v.

ELI LILLY AND COMPANY,
Lilly Corporation Center
Indianapolis, IN 46285
　w/s/o NATIONAL REGISTERED AGENTS, INC.
　1090 Vermont Avenue, N.W., Suite 910
　Washington, DC  20005

　　　　　　　　　Defendant.

CIVIL ACTION No.

## NOTICE OF FILING CERTIFIED COPIES OF STATE COURT PAPERS

Pursuant to 28 U.S.C. § 1446, defendant hereby files certified copies of all records and

proceedings in the Superior Court action (Superior Court for the District of Columbia Civil

Action No. 04-0000707).

　　　　　　　　　　　　　　ELI LILLY AND COMPANY
　　　　　　　　　　　　　　By its attorneys:

　　　　　　　　　　　　　　/s/ Lawrence H. Martin
　　　　　　　　　　　　　　Lawrence H. Martin, D.C. Bar #476639
　　　　　　　　　　　　　　FOLEY HOAG LLP
　　　　　　　　　　　　　　1875 K Street, NW, Suite 800
　　　　　　　　　　　　　　Washington, D.C. 20006-1238
　　　　　　　　　　　　　　(202) 223-1200

　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　James J. Dillon
　　　　　　　　　　　　　　Foley Hoag LLP
　　　　　　　　　　　　　　World Trade Center West
　　　　　　　　　　　　　　155 Seaport Boulevard
　　　　　　　　　　　　　　Boston, MA 02210-2600
　　　　　　　　　　　　　　(617) 832-1000

Dated:  March 3, 2004

FHBoston/1018337.2

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the Notice of Filing Certified State Court Papers was served on March 3, 2004 by U.S. First Class Mail, postage prepaid, to:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, DC 20036
**Attorney for Plaintiff**

/s/ Lawrence H. Martin
Lawrence H. Martin

```
              SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
                    04ca000707  DOCKET      AS OF   2/25/04        EP2003

CAPTION: Sampson, L. vs Eli Lilly and Co              USER:Wiggins, Vondell
ASSIGNED JUDGE  Melvin R. Wright                      DEPT:CivClk

    FILED/                    PARTIES/
    EVENT                     ENTRIES                              DOCKETED

POOl      Lisa Sampson

POOlA     Aaron M. Levine, Esq.                       bar#007864
          1320 19th St., N.W.
          Suite 500
          Washington, D.C.
          20036

              VS

DOOl      Eli Lilly & Co

DOOl      (Pro se )
          1090 Vermont Ave NW
          #910
          Wash DC
          20005

01/30/04  Complaint for Personal injury                    01/30/04

02/05/04  Continued to 040507ss @ 9:30am from 040430ss - Judge/Court 02/05/04
          room not available
          FSDATE:
          LSDATE:    040430ss cnj

04/30/04  (rst) Initial SCHEDULING conference @ 9:30am          01/30/04
          FSDATE:    040430ss
          NSDATE:    040507ss cnj

05/07/04  SCHEDULING conference @ 9:30am                         -SCDC-ss
          FSDATE:
          LSDATE:    040430ss cnj¼
```

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
04ca000707  DOCKET        AS OF    2/25/04              EP2003

CAPTION: Sampson, L. vs Eli Lilly and Co              USER:Wiggins, Vondell
ASSIGNED JUDGE  Melvin R. Wright                      DEPT:CivClk


Codes Embedded in Docket Entries
--------------------------------
(cns) - cancelled by consolidation
(den) - denied
(fin) - final disposition
(jsd) - cancelled by disposition
(gra) - granted
(hrg) - hearing
(mot) - motion opposition due
(ord) - order
(opp) - opposition to motion
(prt) - partial disposition
(rej) - rejected
(rst) - rescheduled
(wdr) - withdrawn


(cnl) - Captioned case is the lead case in consolidated group
(case#) - Captioned case is subsidiary to (lead case)
FSDATE: - first scheduled date
NSDATE: - next scheduled date
LSDATE: - last scheduled date
INTRATE - interest rate
INTDATE - interest as of date

# Superior Court of the District of Columbia

2/06/04                      500 Indiana Ave N.W                                    529
                          Washington, D.C. 20001

The civil action case captioned at the          CASE NUMBER:    04ca000707
right has been RESCHEDULED for a                 Sampson, L. vs Eli Lilly and Co
SETTLEMENT/SCHEDULING conference
before Civil Calendar #13
Judge Wright
for the date and time shown.                     HEARING DATE:    5/07/04 TIME:  9:30am


                                                 TO:
                                                    04ca000707  D001  PRU.0298b2M
                                                    Eli Lilly & Co
                                                    1090 Vermont Ave NW
                                                    #910
PLEASE REPORT TO:                                   Wash DC
   COURTROOM #118    1st Floor                       20005
   500 Indiana Ave, NW
Civil Assignment Office, Phone:  (202) 879-1696
PLEASE BRING THIS NOTICE WITH YOU WHEN YOU APPEAR.



D.C. Superior Court
500 Indiana Ave N.W.
Washington D.C. 20001

First class Mail
U.S. Postage
Paid
Washington, D.C.
Permit No. 1726

            04ca000707  D001  PRU.0298b2M          529
            Eli Lilly & Co
            1090 Vermont Ave NW
            #910
            Wash DC
            20005

2/06/04  ca JM-130

# Superior Court of the District of Columbia

2/06/04                          500 Indiana Ave N.W                    530
                                 Washington, D.C. 20001

The civil action case captioned at the        CASE NUMBER:   04ca000707
right has been RESCHEDULED for a               Sampson, L. vs Eli Lilly and Co
SETTLEMENT/SCHEDULING conference
before Civil Calendar #13
Judge Wright
for the date and time shown.                   HEARING DATE:   5/07/04 TIME:  9:30am


                                               TO:
                                               04ca000707  P001A PRU.0298b2M
                                               Aaron M. Levine, Esq.
                                               1320 19th St., N.W.
                                               Suite 500
                                               Washington, D.C.
PLEASE REPORT TO:                              20036
  COURTROOM #118   1st Floor
  500 Indiana Ave, NW
Civil Assignment Office, Phone:  (202) 879-1696
PLEASE BRING THIS NOTICE WITH YOU WHEN YOU APPEAR.



D.C. Superior Court                          First class Mail
500 Indiana Ave N.W.                         U.S. Postage
Washington D.C. 20001                        Paid
                                             Washington, D.C.
                                             Permit No. 1726

                    04ca000707  P001A PRU.0298b2M        530
                    Aaron M. Levine, Esq.
                    1320 19th St., N.W.
                    Suite 500
                    Washington, D.C.
                    20036

2/06/04  ca JM-130

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

LISA SAMPSON
68 Circuit Avenue
Weymouth, MA 02188

       Plaintiff,

     v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

       Defendant.

] 
] 
] 
] 
] 
] Civil Action No. 04-0000707
] 
] 
] 
] 
] 
] 
] 
]

FILED
CIVIL ACTIONS BRANCH
JAN 3 0 2004
Superior Court
of the District of Columbia
Washington, D.C.

### COMPLAINT
### (DES Litigation – Products Liability, Punitive Damages)

1.    Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.    Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for Diethylstilbestrol ("DES"). Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

### COUNT I
### (Negligence)

3.    On or about 1964 and 1965, during her pregnancy with Lisa Sampson, the mother of the Plaintiff herein bought and ingested DES in Massachusetts. Her physician prescribed said

drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and

Company. .

4.    As a result of Plaintiff's embryonic exposure to DES, she suffered injuries

including, but not limited to, uterine and cervical malformations with resulting infertility,

miscarriage, and incurred medical expenses for care and treatment and suffered physical and

mental pain.

5.    Said injuries were the result of the negligence of Defendant, including, but not

limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report

adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6.    All of the allegations contained in Count I are realleged and incorporated herein

by reference.

7.    DES is, and at all times relevant to this action was, an unreasonably dangerous

and defective drug when used by pregnant women for its advertised and intended purpose as a

preventative of miscarriage.

8.    Defendant is engaged, or has been engaged, in the business of producing DES,

and are, or have been, a commercial manufacturer of said drug.

9.    Plaintiff's mother purchased and ingested DES during her pregnancy with

Plaintiff, and received and ingested DES in the same form and condition as when it left

Defendant's possession.

10.    Said product was defective when placed on the market by Defendant. DES was

sold by Defendant without sufficient warning or instructions. A reasonable seller would not

have sold the product had he/she known of the risks involved. The risks were greater than a

reasonable buyer would expect.

C:\AARON\2003\COMPLAINTS\Sampson Lilly Only 012604.doc                    2

11.    Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

12.    As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14.    All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15.    At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16.    Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

17.    At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18.    As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19.    All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20.    Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21.    The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

22.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23.    · As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

24.    The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother.

Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff Lisa Sampson, demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

**A TRUE COPY**
**TEST:**
FEB 25 2004
Clerk, Superior Court of
the District of Columbia

By _____
Deputy Clerk

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

LISA SAMPSON
68 Circuit Avenue
Weymouth, MA 02188

*Plaintiff*

vs.

ELI LILLY AND COMPANY
w/s/o    NATIONAL REGISTERED AGENTS,
INC.                         *Defendant*
1090 Vermont Avenue, N.W., #910
Washington, DC 20005

Civil Action No. 04-000707

'A' TRUE COPY
TEST:

Clerk, Superior Court of
the District of Columbia     FEB 25 2004

By _____
                    Deputy Clerk

SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine, Esq.
_____
Name of Plaintiff's Attorney
1320 19th Street, N.W., Suite 500

Washington, DC 20036
Address

(202) 833-8040
_____
Telephone

By _____
                    Deputy Clerk

Date _____1 - 30 - 04_____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

# Superior Court of the District of Columbia

## CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

| LISA SAMPSON |
|---|

vs.

| ELI LILLY AND COMPANY |
|---|

Case Number: [ ]

Date: 1/29/04

*Name:*

| Aaron M. Levine, Esq. |
|---|

Firm Name:

| Aaron M. Levine and Associates |
|---|

Telephone No.: (202) 833-8040    Unified Bar No.: 7864

Relationship to Lawsuit

- ⦿ Attorney for Plaintiff
- ◯ Self (Pro Se)

Other: [ ]

TYPE OF CASE:   ◯ Non-Jury     ⦿ 6 Person Jury     ◯ 12 Person Jury

Demand: $ 4,000,000.00     Other: [ ]

## PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No. [ ]   Judge [ ]   Calendar # [ ]

Case No. [ ]   Judge [ ]   Calendar # [ ]

## NATURE OF SUIT:  *(Check One Box Only)*

**A. CONTRACTS**

- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other:
- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION CASES**

- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 16 Under $25,000 Consent Denied
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**

- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3441
- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage
- ☐ 05 Trespass
- ☐ 06 Other:

**C. PERSONAL TORTS**

- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud
- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☐ 16 Negligence
- ☑ 17 Personal Injury
- ☐ 18 Wrongful Death
- ☐ 19 Wrongful Eviction
- ☐ 20 Other:
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts

Form CV(6)-496/Feb. 95

**D.  OTHERS**

**I.**
01  Accounting
02  Att. Before Judgment
04  Condemnation (Emin. Domain)
05  Ejectment
**07  Insurance/Subrogation
Under $25,000  Pltf.
Grants Consent**
08  Quiet Title
09  Special Writ (Specify)

10  T.R.O./Injunction
11  Writ of Replevin
12  Enforce Mechanics Lien
16  Declaratory Judgment
17  Merit Personnel Act (D.C.
Code Title 1, Chapter 6)
18  Product Liability
24  Application to Confirm, Modify,
Vacate Arbitration Award
(D.C. Code 164315)

25  Other:
**26  Insurance/Subrogation
Under $25,000    Consent Denied
27  Insurance/Subrogation
Over $25,000**

**II.**
03  Change of Name
06  Foreign Judgment
13  Correction of Birth Certificate
14  Correction of Marriage
Certificate

15  Libel of Information
19  Enter Administrative Order as
Judgment [6-2713(h) or
36-3 19(a)]
20  Master Meter (D.C. Code
43-541, et seq.)

21  Petition for Subpoena
[Rule 28-l(b)]
22  Release Mechanics Lien
23  Rule 27 (a)(l)
(Perpetuate Testimony)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA SAMPSON
68 Circuit Avenue
Weymouth, MA  02188

            Plaintiff,

    v.

ELI LILLY AND COMPANY,
Lilly Corporation Center
Indianapolis, IN 46285
  w/s/o NATIONAL REGISTERED AGENTS, INC.
  1090 Vermont Avenue, N.W., Suite 910
  Washington, DC  20005

           Defendant.

CIVIL ACTION No.

## CERTIFICATE UNDER LCvR 7.1

I, the undersigned, counsel of record for Defendant Eli Lilly and Company, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries, or affiliates of Eli Lilly and Company which have any outstanding securities in the hands of the public.

**Lilly Del Mar, Inc., a British Virgin Islands Corporation**

These representations are made in order that judges of this Court may determine the need for recusal.

Respectfully submitted,

ELI LILLY AND COMPANY


/s/ Lawrence H. Martin
Lawrence H. Martin, D.C. Bar No. 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon
Foley Hoag LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Dated: March 3, 2004

## <u>CERTIFICATE OF SERVICE</u>

       I, Lawrence H. Martin certify that a true copy of the foregoing Certificate Under LCvR 7.1 was served on March 3, 2004 by U.S. First Class Mail, postage prepaid to:

Aaron M. Levine, Esq.
Aaron M. Levine and Associates, P.A.
1320 19th Street, NW, Suite 500
Washington, DC 20036
**Attorney for Plaintiff**


                                  /s/ Lawrence H. Martin
                                  Lawrence H. Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA SAMPSON
68 Circuit Avenue
Weymouth, MA 02188

        Plaintiff,

    v.

ELI LILLY AND COMPANY,
Lilly Corporation Center
Indianapolis, IN 46285
  w/s/o NATIONAL REGISTERED AGENTS, INC.
  1090 Vermont Avenue, N.W., Suite 910
  Washington, DC 20005

        Defendant.

CIVIL ACTION No.

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO THE COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1.  Whether jurisdiction exists in this court pursuant to 11 D.C. Code § 921 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2.  Lilly states that it did sell and distribute diethylstilbestrol in the District of Columbia. Lilly responds that the term "DES" includes many drug products including but not limited to diethylstilbestrol, and any admissions in this Answer are intended to refer only to

diethylstilbestrol as it relates to Lilly.  Lilly also states that it is doing business in the District of

Columbia, that the U.S. Food and Drug Administration ("FDA") is headquartered in the District

of Columbia, and that the FDA approved Lilly's sales of diethylstilbestrol and declared that the

drug was generally recognized as safe by experts in the field for the uses at issue here.  Except as

already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

### COUNT I
### (Negligence)

3.  Lilly is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in the first two sentences of Paragraph 3.  Lilly states that following

FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold

certain dosages of diethylstilbestrol.  Except as already stated, Lilly denies the allegations of

Paragraph 3 of the Complaint.

4.  Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5.  Lilly denies the allegations contained in Paragraph 5 of the Complaint.

### COUNT II
### (Strict Liability)

6.  Lilly repeats and realleges its answers contained in Paragraphs 1 through 5 above.

7.  Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8.  In response to the allegations contained in Paragraph 8, Lilly states that following

FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold

certain dosages of diethylstilbestrol.  Except as already stated, Lilly denies the allegations of

Paragraph 8 of the Complaint.

9.  Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.  To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint.

## COUNT III
### (Breach of Warranty)

14. Lilly repeats and realleges its answers contained in Paragraphs 1 through 13 above.

15. Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

16. Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT IV
### (Misrepresentation)

19. Lilly repeats and realleges its answers contained in Paragraphs 1 through 18 above.

20. Lilly denies the allegations contained in Paragraph 20 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint..

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT V
### (Punitive Damages)

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

### THIRD DEFENSE

The Plaintiff's Claims are barred by the applicable statute of limitations or laches.

### FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

### FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

### SIXTH DEFENSE

This court lacks personal jurisdiction over defendant.

### SEVENTH DEFENSE

Venue is improper in this judicial district.

**EIGHTH DEFENSE**

Plaintiff's claims are barred and preempted by Eli Lilly and Company's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

**NINTH DEFENSE**

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

Respectfully submitted,

ELI LILLY AND COMPANY

/s/ Lawrence H. Martin
Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon
Foley Hoag LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Dated: March 3, 2004

## CERTIFICATE OF SERVICE

I certify that on March 3, 2004, a true copy of Defendant Eli Lilly's Answer To The Complaint was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W., Suite 500
Washington, DC 20036
**Attorney for Plaintiff**

/s/ Lawrence H. Martin
Lawrence H. Martin

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LISA SAMPSON,              ]

                          ]

        Plaintiff,      ]

                          ]

      v.              ]      Civil Action No. 04-0348 (JR)

                          ]      Next Event:

ELI LILLY AND COMPANY,    ]

                          ]

      Defendant.      ]

### NOTICE OF APPEARANCE

TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:

Pursuant to LCvR 83.6, please enter the appearance of Aaron M. Levine, Brandon J. Levine, Renee L. Robinson-Meyer, and Steven J. Lewis of AARON M. LEVINE & ASSOCIATES as counsel for plaintiff LISA SAMPSON in the above-referenced matter.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES


 /s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W., Suite 500
Washington, DC 20036
202-833-8040


 /s/ Brandon J. Levine
BRANDON J. LEVINE, #412130


 /s/ Renee L. Robinson-Meyer
RENEE L. ROBINSON-MEYER, #455375


 /s/ Steven J. Lewis
STEVEN J. LEWIS, #472564

## *UNITED STATES DISTRICT COURT*
## *FOR THE DISTRICT OF COLUMBIA*

**LISA SAMPSON**

       Plaintiff(s),

       vs.                    Civil Case No: **04-0348(JR)**

**ELI LILLY AND COMPANY**

       Defendant(s).

## NOTICE REGARDING SUPERIOR COURT FILE

The original file, certified copy of transfer order, and docket sheet have been received from the Superior Court for the District of Columbia. The Superior Court Case Number is **04ca0707**. The file is in paper form only and is being maintained in the Clerk's Office. These documents are available for public viewing between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday.

                              **NANCY MAYER-WHITTINGTON**

                                    Clerk

**Date: March 24, 2004**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Civil Division**

|                          |     |                              |
| ------------------------ | --- | ---------------------------- |
| **LISA SAMPSON,**        | ]   |                              |
|                          | ]   |                              |
| **Plaintiff,**           | ]   |                              |
|                          | ]   |                              |
| **v.**                   | ]   | **Civil Action No.: 04-0348 (JR)** |
|                          | ]   |                              |
| **ELI LILLY AND COMPANY,** | ] |                              |
|                          | ]   |                              |
| **Defendant.**           | ]   |                              |

**<u>AFFIDAVIT OF SERVICE</u>**

I, BRANDON J. LEVINE, being duly sworn deposes and states:

1.      That I am attorney of record for the Plaintiff, Lisa Sampson, in the above cause.

2.      That on February 10, 2004, I personally caused to be mailed, certified mail, return receipt requested, the Complaint, Summons, and Initial Order to Eli Lilly and Company, Defendant in this action.

3.      That on February 12, 2004, said Complaint, Summons, and Initial Order, was served on the Defendant, as shown by the return receipt, attached hereto.

I declare under the penalty of perjury that the foregoing is true and correct.

AARON M. LEVINE & ASSOCIATES


  /s/ Brandon J. Levine
BRANDON J. LEVINE #412130
1320 19th Street, N.W. Suite 500
Washington, D.C. 20036
202/833 – 8040

Counsel for Plaintiff



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
c/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue NW #910
Washington, DC 20005

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?
   If YES, enter delivery address below:

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery?

2. Article Number
   (Transfer from service label)    7003 2260 0000 9626 4331

PS Form 3811, August 2001    Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jackie Riggs
Aaron M. Levine & Associates
1320 19th Street, NW, Suite 500
Washington, DC 20036

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
LISA SAMPSON,                        :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :  Civil Action No. 04-0348 (JR)
                                     :
ELI LILLY AND COMPANY,               :
                                     :
          Defendant.                 :
```

**ORDER**

Upon a review of the docket in this case, it appears that nothing has been filed since defendant's answer (except for returns of service, entries of appearance, etc.).  In lieu of an initial scheduling conference, it is

**ORDERED** that the parties file a status report with the Court no later than 30 days from the date of this order.

JAMES ROBERTSON
United States District Judge

### IN THE UNITED STATE DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LISA SAMPSON, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | Civil Action No.: 04-0348 (JR) |
| | ] | Next Event: |
| | ] | |
| ELI LILLY AND COMPANY, | ] | |
| | ] | |
| Defendant. | ] | |

### JOINT MEET AND CONFER AND STATUS REPORT

Pursuant to this Court's December 22, 2004 Order, Local Rule 16.3 and Fed. R. Civ. P. 26(f), the attorneys for plaintiff and defendant conferred up to and including January 18, 2005, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendant will bring dispositive motions as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. The parties acknowledge that once discovery has begun, there may then be a need to join other parties or to amend the pleadings; (b) the parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes,

including trial.

POSITION OF PARTIES: Plaintiff consents to having the case assigned to a magistrate judge. Defendant does not consent to having the case assigned to a magistrate judge at this time.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: The parties propose to have this case referred to Magistrate Judge Alan Kay for mediation after the completion of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendant learns during discovery, Defendant may file motions for summary judgement or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.,and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) initial disclosures. The parties also agree that if plaintiff requests an extension of time to respond to defendant's discovery requests, plaintiff shall at least produce the following by the original

-2-

deadline for responding to the discovery requests: (a) all medical records in her possession (or the possession of her attorneys); (b) authorizations to obtain medical records; (c) the identity and address of all known medical providers who have treated plaintiff and/or her mother; (d) the identity and address of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of plaintiff and/or her attorneys regarding the identity of the manufacturer of the DES at issue in this lawsuit.

Defendant agrees that, within a week of the time that defendant obtains any medical records (other than medical records received directly from plaintiff), defendant shall send a copy of all such medical records to plaintiff's counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES: The parties agree that, pursuant to Fed. Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-expert deposition should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the depositions of Plaintiff, any present or former husband of plaintiff, her mother, and her father, as well as the depositions of any relevant medical providers or pharmacists. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

February 21, 2005:     Deadline for serving discovery requests.

April 21, 2005:          Deadline for plaintiff to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

May 23, 2005:          Deadline for defendant to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

August 21, 2005:       All Discovery Closed. The parties agree that experts may be deposed until the closed of discovery.

September 21, 2005:  Deadline for filing Dispositive Motions.

November  2005:       Pre-Trial Conference.

The parties' Proposed Scheduling Order attached hereto as Appendix No. 1.

<u>TOPIC NO. 9:</u> Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

<u>POSITION OF PARTIES:</u> The parties agree to make all expert witnesses available for deposition.  Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2), except that the parties agree to dispense with  the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  However, the parties may inquire into the topic of prior cases at the time of the deposition.

<u>TOPIC NO. 10:</u> In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

<u>POSITION OF PARTIES:</u> Not applicable.

<u>TOPIC NO. 11:</u> Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

<u>POSITION OF PARTIES:</u> The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in November 2005.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The plaintiff prefers that a firm trial date be set at the first scheduling conference. Defendant does not prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

A.    Plaintiff's:

This is a products liability/personal injury case arising from Plaintiff's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendant in 1964-1965 to the plaintiff's mother for the purpose of preventing miscarriage.

Plaintiff claims that as a result of her in utero exposure to DES, she has suffered injuries, including but not limited to, a T-shaped uterus, with resultant poor pregnancy outcomes, infertility and concomitant medical and surgical expenses for care and treatment, and that the Defendant is liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

B.     <u>Defendant's</u>:

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action.  While discovery has not yet commenced, Lilly believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that Plaintiff was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the Plaintiff complains, and that Lilly breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations.  Lilly has also asserted several affirmative defenses, including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

<u>STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES</u>:

A.     <u>Plaintiff's</u>:

The statutory basis for the Plaintiff's cause of action is 28 U.S.C. §1332(a) (diversity).

B.     <u>Defendant's</u>:

Affirmative defenses asserted by the Defendant with a statutory basis are that the Plaintiff's claims may be barred by the statute of limitations and that the Plaintiff's claims may be barred and preempted by the Federal Food, Drug, and Cosmetic Act.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES          FOLEY HOAG LLP


 /s/ Aaron M. Levine                          /s/ Lawrence H. Martin (by permission-rm)
AARON M. LEVINE, #7864                 LAWRENCE H. MARTIN, #476639
1320 19th Street, N.W.                      1875 K Street, N.W.
Suite 500                                   Suite 800
Washington, DC 20036                        Washington, DC   20006
202/833-8040                                202-223-1200

Counsel for Plaintiff                       and

                                            James J. Dillon, Esq.
                                            FOLEY HOAG  LLP
                                            155 Seaport Boulevard
                                            Boston, MA 02210-2600
                                            617/832-1000

                                            Counsel for Defendant Eli Lilly and
                                            Company


Dated: January 18, 2005

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
LISA SAMPSON,                       :
                                    :
          Plaintiff,                :
                                    :
     v.                             :  Civil Action No. 04-0348 (JR)
                                    :
ELI LILLY AND COMPANY,              :
                                    :
          Defendant.                :
```

**<u>SCHEDULING ORDER</u>**

The parties' joint meet and confer and status report is **approved** and the dates set forth in their proposed scheduling order are **approved and so ordered.** The final pretrial conference is set for **November 3, 2005 at 4:30 p.m.** and trial is set for **November 14, 2005, at 9:30 a.m.** It is

**FURTHER ORDERED** that any discovery disputes be presented, in the first instance, by telephone conference with the Court, and not by motion. And it is

**FURTHER ORDERED** that extensions of time to file dispositive motions or status reports or to complete discovery will be granted as a matter of course if all parties consent and if the extensions will not require re-setting any scheduled court appearance (status conference, motion hearing, pretrial conference, trial). Do not file a motion for such a consented extension. Instead, make the request informally by letter, or by e-mail (addressed to RobertsonJ_Chambers@dcd.uscourts.gov), or by

fax (202-354-3468).  Do not recite reasons.  The Court's action
granting a consented extension will be endorsed on the request
and returned to the party requesting it.  That party will be
responsible for providing appropriate notice or service to all
other parties.  Neither the request nor the action granting it
will be part of the record unless a party seeks leave to file it.

**Counsel are strongly cautioned that no additional
notice will be given of the appearance date(s) set forth in this
scheduling order.**


                              JAMES ROBERTSON
                              United States District Judge


- 2 -

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

LISA SAMPSON,

          Plaintiff,

    v.

ELI LILLY AND COMPANY,

          Defendant.

CIVIL ACTION No. 04-CV-0348 (JR)

**CONSENT MOTION OF ELI LILLY AND COMPANY**
**TO TRANSFER ACTION TO THE DISTRICT OF MASSACHUSETTS**

      Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the District of Massachusetts.  Plaintiff and Defendant consent to the relief requested in this motion.

      1.      Lilly bases its motion on the fact that the District of Massachusetts is a more convenient forum than the District of Columbia, the action could have originally been brought in the District of Massachusetts, and transfer out of a district with no connection to the Plaintiff's claims is in the best interests of justice.  *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (noting that the district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

      2.      The District of Massachusetts is more convenient for the witnesses likely to be deposed or called to testify at trial.  Section 1404(a) instructs the district court to consider the convenience of witnesses in deciding whether to transfer an action.  *See* 28 U.S.C. § 1404(a).  Lilly has reason to believe that virtually all of the potential fact witnesses and other sources of

proof are located in the District of Massachusetts.  In particular, Plaintiff Lisa Sampson resides

in Weymouth, Massachusetts.  Plaintiff's mother, Diane Cody, and father, William Cody, Jr.,

reside in Weymouth, Massachusetts.  The physician that allegedly prescribed DES to Plaintiff's

mother, Dr. T.J. Slomkowski is located in Quincy, Massachusetts.  The pharmacy that allegedly

dispensed DES to Plaintiff's mother, Lizben Pharmacy, is located in Weymouth, Massachusetts.

Plaintiff's mother was living in Weymouth, Massachusetts when she allegedly purchased and

ingested DES, meaning the place of alleged exposure was within the District of Massachusetts.

All of Plaintiff's identified treating physicians are located in the District of Massachusetts:  Dr.

Lisa Antonelli, Quincy, Massachusetts; Dr. Martha Ehrmann, Weymouth, Massachusetts; Dr.

Merle Berger, Brookline, Massachusetts; and Dr. Achilles Athanassiou, Weymouth,

Massachusetts.

       3.      Further, this action originally "might have been brought" in the District of

Massachusetts.  *See*  28 U.S.C. § 1404(a).  First, the District of Massachusetts has subject matter

jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of

citizenship.[1]  Defendant Eli Lilly and Company is incorporated and has its principal place of

business in Indiana.  Plaintiff resides in and is presumably domiciled in Massachusetts.  Second,

Massachusetts' long-arm statute reaches torts the consequences of which occur within the state.

*See* Mass. Gen. Laws ch. 223A, § 3.  Thus, the District of Massachusetts is at least as appropriate

a forum as the District of Columbia with respect to subject matter and personal jurisdiction.

Third, venue is proper in the District of Massachusetts because Plaintiff's relevant alleged

injuries were diagnosed and treated in Massachusetts; she further alleges that the DES her

---

[1] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiff cannot recover more than $75,000.  However, Lilly does not concede that the value of Plaintiff's claims in fact exceeds that minimum requirement.

mother ingested was prescribed, dispensed, and ingested in Massachusetts.  *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

4.      Finally, the interests of justice support transfer of this action to the District of Massachusetts.  *See Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980) (listing public interest factors to consider).  The District of Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and efficiently. The applicable law favors the District of Massachusetts because that court is more familiar with the substantive law of the state in which it sits than is the District of Columbia.  *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (noting that the District of Columbia's choice of law rules point to the jurisdiction with the "most significant relationship" to the dispute).  Finally, this case has no connection to the District of Columbia except that it was filed here: no witnesses reside here, Plaintiff's alleged exposure to DES did not occur here, and none of Plaintiff's injuries were diagnosed or treated here.   Because this case has no connection to this district and because all parties consent to transfer, it is equitable to transfer this case out of the District of Columbia.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, Lilly respectfully requests that this Court

grant its consent motion to transfer this case to the District of Massachusetts.


Respectfully submitted

ELI LILLY AND COMPANY,

By its attorneys,

/s/ James J. Dillon
James J. Dillon, D.C. Bar No. 485593
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

-and-

Lawrence H. Martin, D.C. Bar No. 476639
FOLEY HOAG LLP
Suite 1200
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 223-1200


Dated:  May 2, 2005


## LOCAL RULE 7.1(M) CERTIFICATION


Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with counsel for Plaintiff and Defendant to determine whether they opposed the relief requested in this motion.  Counsel for all parties consented to the relief requested in this motion.


/s/ James D. Dillon
James J. Dillon

Filename:          FHBOSTON-#3028096-v2-
                   Motion_to_Transfer_Sampson.DOC
Directory:         C:\Documents and Settings\akibbe\Application
                   Data\Hummingbird\DM\Temp
Template:          C:\Program Files\Microsoft
                   Office\Templates\FHE\blank.dot
Title:
Subject:
Author:            LDWYER
Keywords:
Comments:
Creation Date:     5/2/2005 9:39 AM
Change Number:     4
Last Saved On:     5/2/2005 10:03 AM
Last Saved By:     Lauren Dwyer
Total Editing Time: 551 Minutes
Last Printed On:   5/2/2005 10:59 AM
As of Last Complete Printing
    Number of Pages: 4
    Number of Words:        859 (approx.)
    Number of Characters:   4,902 (approx.)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LISA SAMPSON,                          :
                                       :
          Plaintiff,                   :
                                       :
     v.                                : Civil Action No. 04-0348 (JR)
                                       :
ELI LILLY AND COMPANY,                 :
                                       :
          Defendant.                   :

<u>**ORDER**</u>

     Pursuant to 28 USC § 1404(a), it is **ORDERED** that this
case be transferred to the District of Massachusetts.  Because
this transfer is by consent, there is no reason to delay it, and
the transfer shall be done forthwith.

                              JAMES ROBERTSON
                         United States District Judge